IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTY MORGAN,                                    3:13-CV-00842-BR

            Plaintiff,                            AMENDED
                                                  OPINION AND ORDER
v.

JP MORGAN CHASE BANK;
SAFEGUARD PROPERTIES
MANAGEMENT, INC.; LPS FIELD
SERVICES, INC.; BAXTER &
BAXTER; and LYNDON RUHNKE,

            Defendants.


SANDY N. WEBB
Skyline Building
0224 S.W. Hamilton St
Suite 202
Portland, OR 97239
(503) 477-7731

          Attorney for Plaintiff

MICHAEL J. FARRELL
THOMAS W. PURCELL
Martin Bischoff Templeton Langslet & Hoffman
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204
(503) 224-3113

          Attorneys for Defendant JP Morgan Chase Bank


1 - AMENDED OPINION AND ORDER

**KATHRYN P. SALYER**
**ELEANOR A. DUBAY**
Tomasi Salyer Baroway
121 S.W. Morrison Street, Suite 1850
Portland, Oregon 97204
(503) 894-9900

       Attorneys for Defendant Safeguard Properties
       Management, Inc.

**LOUIS A. SANTIAGO**
**GARRETT S. GARFIELD**
Holland & Knight, LLP
2300 US Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300

       Attorneys for Defendant LPS Field Services, Inc.

**PAUL SILVER**
**KATIE M. EICHNER**
Lindsay Hart Neil & Weigler, LLP
1300 S.W. Fifth Avenue
Suite 3400
Portland, OR 97201
(503) 226-7677

       Attorneys for Defendants Baxter & Baxter and Lyndon
       Ruhnke


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#29) to

Dismiss of Defendants Baxter & Baxter and Lyndon Ruhnke.  For the

reasons that follow, the Court **GRANTS** Defendants' Motion and

dismisses Plaintiff's claims for legal malpractice without

prejudice.


2 - AMENDED OPINION AND ORDER

## BACKGROUND

The following facts are taken from Plaintiff's [Second] Amended Complaint.

Plaintiff Kristy Morgan was the owner of Unit 54, 14946 S.W. 109th Avenue, Tigard, Oregon.

From April through July 2010 Plaintiff worked with "the bank toward a modification."[1]  Plaintiff and the bank were not able to come to an agreement regarding modification.

On June 19, 2010, Plaintiff filed for bankruptcy "using the services of [Defendant] Baxter & Baxter."

On July 6, 2010, "Baxter & Baxter advised [Plaintiff] . . . about her homeowner's association fees and her need to move out of the house to surrender it to the bank in accordance with her petition."

At some point before mid-January 2011 Plaintiff was locked out of her unit and "told repeatedly [her unit] was being taken." In mid-January 2011 Plaintiff was locked out of her unit again while she was trying to move out.

In February 2011 Plaintiff was locked out of her unit without notice.

In April 2011 "the foreclosure notice was posted on her home stating the home was to be sold in August 2011.  [Plaintiff] was

_____

[1] Plaintiff does not identify "the bank" and does not allege the reason she began working with the bank "toward modification."

3 - AMENDED OPINION AND ORDER

never told the sale was rescinded."

In July and August 2011 Defendant LPS Field Services, Inc., entered Plaintiff's unit after incorrectly "declaring it . . . vacant."

In August 2012 and April 2013 Defendant Safeguard Properties Management, Inc., entered Plaintiff's unit "repeatedly." Plaintiff alleges she "left behind numerous items that are now missing."

At some point "[t]he HOA [Homeowners Association][2] Garnished [sic] wages in the amount of $9,455.87 from [P]laintiff's paycheck."

On May 18, 2013, Plaintiff filed an action in this Court against JP Morgan Chase Bank; Safeguard Properties, Inc. (SPI); Lender Processing Services, Inc. (LPS); Baxter & Baxter; and Lyndon Ruhnke.  Plaintiff asserted this Court has federal-question jurisdiction and supplemental jurisdiction over her claims for (1) breach of contract by JP Morgan Chase, LPS, and SPI; (2) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d and 1692e(5) by JP Morgan Chase; (3) trespass by JP Morgan Chase, SPI, and LPS; (4) conversion by JP Morgan Chase, SPI, and LPS; and (5) negligence/legal malpractice by Baxter & Baxter and Ruhnke.

---

[2] The Homeowners Association is not a defendant in this matter.

4 - AMENDED OPINION AND ORDER

On June 24, 2013, Baxter & Baxter and Ruhnke filed a Motion to Dismiss Plaintiff's claims against them for negligence/legal malpractice.

On July 11, 2013, Plaintiff filed a Motion for Leave to File Amended Complaint on the ground that LPS and SPI were incorrectly named parties.  Plaintiff sought leave to amend her Complaint to bring claims against LPS Field Services, Inc. (LPSF) and Safeguard Properties Management, LLC (SPM) rather than LPS and SPI.

On July 15, 2013, the Court granted Plaintiff's Motion for Leave and directed Defendants to either stand on their responses to Plaintiff's initial Complaint or to file new responsive pleadings by July 26, 2013.

On July 19, 2013, Plaintiff filed an Amended Complaint against JP Morgan Chase, SPM, LPSF, Baxter & Baxter, and Ruhnke. Plaintiff brings claims for (1) breach of contract against JP Morgan Chase; (2) violation of §§ 1692d and 1692e(5) of the FDCPA by JP Morgan Chase; (3) trespass by JP Morgan Chase, SPM, and LPSF; (4) conversion by JP Morgan Chase, SPM, and LPSF; and (5) legal malpractice by Baxter & Baxter and Ruhnke.

On July 24, 2013, Plaintiff filed a [Second] Amended Complaint only to modify the heading.  Plaintiff's claims remained unchanged.

The Court took the Motion to Dismiss of Defendants Baxter &

Baxter and Ruhnke under advisement on July 23, 2013.

## STANDARDS

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id.* at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'" *Id.* at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated

therein if the complaint relies on the document and its
authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP,
Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on
other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676
(9th Cir. 2006)).


## DISCUSSION

Defendants Ruhnke and Baxter & Baxter move to dismiss
Plaintiff's legal-malpractice claims against them for lack of
subject-matter jurisdiction.  Specifically, Defendants contend
Plaintiff's legal-malpractice claims against Ruhnke and Baxter &
Baxter do not derive from the common nucleus of operative facts
underlying Plaintiff's federal claims (*i.e.*, Plaintiff's FDCPA
claims against JP Morgan Chase), and, therefore, this Court does
not have supplemental jurisdiction over Plaintiff's legal-
malpractice claims.

## I.    Supplemental Jurisdiction

28 U.S.C. § 1367(a) provides in pertinent part:

> [I]n any civil action of which the district courts
> have original jurisdiction, the district courts
> shall have supplemental jurisdiction over all
> other claims that are so related to claims in the
> action within such original jurisdiction that they
> form part of the same case or controversy under
> Article III of the United States Constitution.

"A state law claim is part of the same case or controversy
when it shares a 'common nucleus of operative fact' with the

federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004)(quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).  Courts have concluded they lack supplemental jurisdiction over state-law claims that do not derive from a common nucleus of operative fact with federal claims.  *See, e.g., Soliday v. Miami County, Ohio*, 55 F.3d 1158 (6th Cir. 1995); *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 826 (11th Cir. 1982).

## II.  Analysis

Plaintiff's federal claims arise under the FDCPA and are asserted only against JP Morgan Chase.  According to Plaintiff's Amended Complaint, the factual allegations underlying her FDCPA claims are Defendants' alleged

> conduct . . . in connection with the collection of a debt by stating [Defendant] would be sending people to [Plaintiff's unit] to repeatedly inspect [her unit] until the debt was paid. . . . [And] by stating [Plaintiff's unit] would be foreclosed upon and having no intent to do so.

Am. Compl. at ¶¶ 20-21.  Although it is not completely clear from the Amended Complaint, it appears the debt underlying Plaintiff's FDCPA claims is her mortgage and her FDCPA claims relate to efforts by JP Morgan Chase to collect and/or to foreclose on her mortgage and trust deed.

With respect to her legal-malpractice claims, Plaintiff

8 - AMENDED OPINION AND ORDER

alleges in her Amended Complaint that Ruhnke and Baxter & Baxter "advised her . . . about her homeowner's association fees and her need to move out of the house to surrender it to the bank in accordance with her [Bankruptcy] petition."  Am. Compl. ¶ 10. Plaintiff alleges Ruhnke and Baxter & Baxter "failed to use that degree of care, skill, and diligence ordinarily used by attorneys practicing in the same or similar circumstances in the same or similar community."  Am. Compl. ¶ 33.  Finally, Plaintiff alleges Ruhnke and Baxter & Baxter's actions "resulted in [Plaintiff] . . . being forced to involuntarily pay HOA fees after she was out of the home."  Am. Compl. ¶ 33.  Plaintiff's legal-malpractice claims, therefore, involve Plaintiff's HOA dues rather than her mortgage and relate to Ruhnke and Baxter & Baxter's actions in Plaintiff's bankruptcy proceedings.  Those facts are unrelated to the efforts by JP Morgan Chase to collect on Plaintiff's mortgage and/or to foreclose on Plaintiff's unit. In other words, the Court's decision on Plaintiff's FDCPA claims would not impact a decision as to the alleged legal malpractice and vice versa.

In addition, to state a claim under § 1692d of the FDCPA a plaintiff must allege a debt collector "engag[ed] in . . . conduct the natural consequence of which [was] to harass, oppress, or abuse [the plaintiff] in connection with the collection of a debt."  To state a claim under § 1692e(5) of the

9 - AMENDED OPINION AND ORDER

FDCPA a plaintiff must allege a debt collector threatened "to take any action that cannot legally be taken or that is not intended to be taken."  In contrast, to state a claim for legal malpractice under Oregon law a plaintiff must allege

> "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation, i.e.*, a causal link between the breach of duty and the harm."

*Woods v. Hill*, 248 Or. App. 514, 525 (2012)(quoting *Stevens v. Bispham*, 316 Or. 221, 227, 851 P.2d 556 (1993))(emphasis in original).  The facts and elements that Plaintiff must plead and prove to establish her FDCPA claims are markedly different than those she must plead and prove to establish her legal-malpractice claims.  Plaintiff's FDCPA claims are "separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to" Plaintiff's legal-malpractice claims.  *See Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836, 847-48 (4th Cir. 1974)(the plaintiff's state-law claim against his employer for failure to make payments allegedly due under a profit-sharing program and the plaintiff's federal claim that his employer failed to provide information required by federal statute were "separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count," and, therefore, the claims did not arise from a "common nucleus of operative fact.").

The Court, therefore, concludes Plaintiff's legal-malpractice claims do not arise from the common nucleus of operative fact underlying Plaintiff's federal claims.  Thus, this Court lacks supplemental jurisdiction over those claims.  *See Ray*, 677 F.2d at 825-26 ("The [plaintiff's legal-]malpractice claim . . . is wholly separate from the [plaintiff's] federal claims both as to the facts necessary to prove the claim and the theory of recovery.  Hence, we conclude that the malpractice claim and the federal claims did not arise from a 'common nucleus of operative fact' and consequently the district court lacked the power to hear the malpractice claim.").

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's legal-malpractice claims on the ground that this Court lacks subject-matter jurisdiction.  The Court, therefore, dismisses those claims without prejudice.


## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#29) to Dismiss of Defendants Baxter & Baxter and Lyndon Ruhnke and

**DISMISSES** Plaintiff's legal-malpractice claims **without prejudice**.

IT IS SO ORDERED.

DATED this 22nd day of October, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge